UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RODNEY RAY HUFF ]
    Plaintiff, ]
]
v. ] No. 2:16-0028
] Chief Judge Sharp
PUTNAM COUNTY SHERIFF'S ]
DEPARTMENT, et al. ]
    Defendants. ]

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Putnam County Justice Center in Cookeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Putnam County Sheriff's Department and Sgt. Jamie Emmerton, a member of the Justice Center staff, seeking injunctive relief.

On April 23, 2016, a few inmates "were being combative and yelling from their cell doors". In response, the plaintiff's housing unit was "dry celled" for a period of six hours.[1] When asked to restore water to the unit, Sgt. Emmerton simply laughed and walked away. Plaintiff believes that this form of punishment was cruel and inhumane. He also claims that he is not receiving competent representation in his underlying criminal prosecution and that he is being falsely imprisoned.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or

---

[1] The plaintiff defines "dry celled" as a form of punishment whereby a housing unit is deprived of drinking water or a way to flush toilets. Docket Entry No. 1 at pg. 5.

1

persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Therefore, the plaintiff has failed to state a claim against this defendant for which relief can be granted.

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

A prison official, though, cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner's temporary placement in a dry cell without running water does not create an atypical and significant hardship. Dotson v. Tennessee, 2014 WL 6686744 (M.D. Tenn.; 11/25/14). Nor has the plaintiff alleged any type of injury arising from being "dry celled". Thus, Sgt. Emmerton did not offend the Constitution when he neglected to restore water to plaintiff's housing unit.

Sgt. Emmerton had nothing to do with plaintiff's representation or the decision to have him incarcerated. Therefore, plaintiff has failed to state a claim against this defendant for incompetent representation and false imprisonment.

Having failed to state an actionable claim against the defendants, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge